WILLIAM D. SAYRS, PROSECUTOR, v. GEORGE E. BRUNNER ET AL., DEFENDANTS.

Argued May 2, 1939—Decided July 11, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Carl Kisselman.*

For Frederick W. von Nieda, *Meyer L. Sakin.*

BODINE, J.   The prosecutor, William D. Sayrs, was appointed deputy city clerk of the city of Camden and clerk of elections on September 16th, 1935, and continued to perform the duties thereof until March 9th, 1939.   At the time of his original appointment Camden was under the Civil Service law and he was classified in the exempt division of the classified service.   Before March 9th, 1939, the city clerk's department had been assigned to Mary Walsh Kobus, director of public safety, who continued in that capacity until that date.   Then the commission by vote of three to two placed the department under the jurisdiction of Frederick von Nieda, director of public affairs.   At this meeting, Mr. von Nieda introduced an ordinance abolishing the position of deputy city clerk and clerk of elections for the city of Camden. Thereafter the prosecutor was immediately notified that his services were to be terminated on March 23d, 1939.   On that day the ordinance was adopted on final reading, but its operation was suspended by filing with the city commissioners of a petition signed by approximately ten thousand electors of the city of Camden, more than the required number, under the provisions of *R. S.* 40 :74-5.

Prosecutor ignored the letter of discharge and continued his work for a short time without interference.   On March 28th, 1939, the city clerk by direction of Director von Nieda advised the relator that his presence in the office was no longer required, in spite of the fact that the operation of the ordinance had been suspended as indicated.   The relator's attempt to enter the office and perform his duties was physically obstructed by police officers until the restraint allowed by Mr. Justice Donges at the foot of this rule.

"A municipality cannot by ordinance create for a fixed term and fill the position of assistant city clerk, a position clearly falling within the competitive class of the classified service." *Davaillon* v. *Elizabeth*, 121 *N. J. L.* 380.

The proofs indicate that the removal was in the interest of economy and so proper. *Durkin* v. *Board of Fire Commissioners, City of Newark*, 89 *N. J. L.* 468; *Reck* v. *Board of Commissioners of North Bergen*, 110 *Id.* 173; *May* v. *Board of Commissioners of Town of Nutley*, 111 *Id.* 166; *Gianettino* v. *Civil Service Commission et al.*, 120 *Id.* 531.

It is, therefore, unnecessary to consider the other points urged or whether the prosecutor has sought the proper remedy.

The rule will, therefore, be discharged, with costs.